**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WILLIE WILLIAMS,<br><br>                    Plaintiff,<br><br>vs.<br><br>UMC OF SOUTHERN NEVADA, *et al.*,<br><br>                    Defendants. | Case No. 2:19-cv-00497–RFB–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS [ECF NO. 1] and COMPLAINT [ECF NO. 1-1] |

Before the Court is Plaintiff Willie Williams' application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, this case should be dismissed and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) should be denied as moot.

Plaintiff asserts that the Court has jurisdiction over this case based on diversity of citizenship "in this case of medical malpractice." (ECF No. 1-1 at 1). Both Plaintiff and Defendants "are all residents of Clark County, Nevada." (*Id.* at 2). Plaintiff alleges that Defendants, medical entities and professionals, used counterfeit hardware in spinal fusion implant surgeries. (*Id.*).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). One of the bases for federal jurisdiction is that all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332. Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The Court does not have subject matter jurisdiction over this case. Though the complaint is difficult to follow, it appears that this is a medical malpractice case that Plaintiff asserts the Court has jurisdiction over due to diversity of citizenship. All parties in this case appear to be citizens of Nevada,

so there is no diversity of citizenship. The Court also notes that attachments to the complaint (ECF No. 1-1 at 44, 46, 71-72) appear to show that Plaintiff has already brought this case in state court.

ACCORDINGLY, and for good cause shown,

IT is RECOMMENDED that this case be DISMISSED and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS SO RECOMMENDED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 8th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE